UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ROSA CHICLANA,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK, SGT. MITCHELL ATILES
(Shield 1079), DETECTIVE MANUEL CORDOVA
(Shield 225), and OFFICERS & SUPERVISORY
OFFICERS JOHN & JANE DOES 1-5,

                                Defendants.
--------------------------------------------------------------------------X

**13 CV 993 (KBF)**

**COMPLAINT**

**JURY TRIAL
DEMANDED**

       Plaintiff **ROSA CHICLANA,** by her attorney, Joel Berger, Esq., for her complaint alleges,

upon information and belief, as follows:

### NATURE OF THE ACTION

       1.     This is an action to recover money damages arising out of defendants' violation of

plaintiff's rights under the Constitution and laws of the United States and the State of New York,

including false arrest, false imprisonment, malicious prosecution, and excessive and unnecessary use

of force.

### JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth,

and Fourteenth Amendments to the Constitution of the United States.

       3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

       4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

       5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent

or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.     Within ninety days after the claims alleged in this complaint arose, plaintiff served a pro se verified Notice of Claim upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.     At least thirty days have elapsed since the service of the pro se Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.     This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

9.     Plaintiff demands trial by jury in this action.

## *PARTIES*

10.     Plaintiff **ROSA CHICLANA** is a citizen of the United States and a resident of the State of New York.  She is an Hispanic woman, age 27.  She is the mother of two children, a boy (age 11) and a girl (age 5).  She is employed.  She has lived in the same apartment of the Jefferson Houses of the NYC Housing Authority in upper Manhattan her entire life.  She has never been convicted of any offense.

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.   It operates the New York City Police Department (NYPD), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     At all times relevant herein, defendant Mitchell Atiles (Shield 1079) was a detective

employed by the NYPD, assigned to Narcotics Borough Manhattan North.  He is now a sergeant at the 46ᵗʰ Precinct in the Bronx.

13.    At all times relevant herein, defendant Manuel Cordova (Shield 225) was a detective and defendants John and Jane Does 1-5 were officers or supervisory officers employed by the NYPD. Plaintiff believes that they were assigned either to Narcotics Borough Manhattan North or a "Gang Squad" operating out of the 33ʳᵈ Precinct.  Plaintiff does not know the real names and shields numbers of defendants John and Jane Does 1-5.

14.    At all times relevant herein, defendants Atiles, Cordova, and John and Jane Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15.    At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

16.    On May 26, 2012, at approximately 1 A.M., plaintiff was returning to her home (113ᵗʰ Street and 2ⁿᵈ Avenue in East Harlem) in a livery cab.

17.    As plaintiff exited the cab she noticed her mother, Ana Chiclana, a mentally ill woman who sometimes lives with her.

18.    As plaintiff was ringing the intercom to her building, several police officers in plain clothes, including the defendants herein, rushed plaintiff's mother and began yelling at her.

19.    Two officers accosted plaintiff's mother and began forcing her to open her mouth, in an apparent effort to see if she had any drugs in her mouth.

20.    Plaintiff informed the police that the woman they were accosting as her mother and that her mother is ill, but at no time did she physically or verbally interfere with the officers.

21.    In an effort to avoid any claim of interference with the officers, plaintiff determined to

3

enter her building and go upstairs rather than remain at the scene of the police activity.  She explicitly told the officers that she was going upstairs.

22.     Plaintiff did not have her building key in her possession and the intercom apparently was not working, so plaintiff sought to walk around to the back of her building, where she could call upstairs to her third-floor apartment where her mother-in-law and a cousin were watching her children.

23.     Plaintiff proceeded to walk to the back of her building, but two officers were blocking her path so she said "excuse me."  At no time did she make any physical contact with the officers.

24.     However, as plaintiff passed by the officers she suddenly felt a blow to her head and found herself being dragged by the hair by a dark-skinned male officer, believed to be defendant Atiles, who began kicking and punching her.  Other officers were also assaulting her.

25.     Atiles yelled derogatory remarks at plaintiff as he was brutalizing her, making comments such as "you think you're tough."

26.     A female Hispanic officer observed the officers' brutality against plaintiff but made no effort to stop it, instead shouting at plaintiff that "you're a disgrace."

27.     In response to plaintiff crying out "why are you doing this?" the officers yelled at plaintiff to "shut the fuck up."

28.     As a result of being brutalized, plaintiff suffered a painful split lip, a black eye, and numerous painful bruises.

29.     After approximately 5 minutes plaintiff was handcuffed behind her back at thrown into an unmarked SUV.  Her mother was already in the SUV, also handcuffed.

29.     The police drove the SUV around for approximately an hour, then parked and left

plaintiff and her mother in the SUV, still handcuffed, for approximately another two hours.

30.     The police then drove some more, stopping at a police precinct, and then proceeded to yet another stationhouse, the 33rd Precinct in Washington heights (2207 Amsterdam Avenue, approximately 170th Street).

31.     By the time of the SUV's arrival at the 33rd Precinct, it was getting light out.  Plaintiff and her mother had been in the van, both handcuffed behind their backs, for approximately 4-5 hours.

32.     At the 33rd Precinct plaintiff and her mother remained handcuffed, tethered to a pole and seated on a bench.

33.     Plaintiff was fingerprinted and handcuffed at the 33rd Precinct.

34.     Plaintiff was interrogated at the 33rd Precinct by officers from a "Gang Unit."

35.     The officers offered to release plaintiff and to give her money -- $100 -- and cigarettes for information about criminal activities in her neighborhood.

36.     Plaintiff responded that she knew nothing, but her interrogators insisted that she did.

37.     Plaintiff was threatened with being taken to Manhattan Central Booking if she did not cooperate with the officers by providing information.

38.     At approximately 10 A.M., after approximately 9 hours of imprisonment -- most of it spent handcuffed behind her back -- plaintiff was released with only a summons charging her with Disorderly Conduct.

39.     The summons, signed by defendant Atiles, accused plaintiff of violation of Penal Law § 240.20 (1), which provides:  "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (1) he engages in fighting or in violent, tumultuous or threatening behavior."

40.     In a Criminal Court Information written on the back of the summons, Atiles swears under oath that "During a lawful arrest of deft (Chiclana, Ana) #M1264715, deft Chiclana, Rosa did yell and attempt to push Det. Cordova, M Shield 225 causing public alarm and fear."

41.     The Criminal Court Information is a fabrication.  Plaintiff did not push or "attempt" to push any officer.  She did not engage in any "violent, tumultuous or threatening behavior."  She did not cause or risk creating any "public inconvenience, annoyance or alarm," as the only people in the area were plaintiff, her mother and the officers.

42.     Plaintiff was not charged with violation of Penal Law § 240.20 (2) ("He makes unreasonable noise'), but had she been so charged that also would have been a fabrication.  She did not raise her voice to the officers until after they began brutalizing her.

43.     One or more NYPD supervisors had to approve the determinations to arrest, imprison, interrogate and charge plaintiff.  Defendants Atiles and Cordova necessarily obtained the approval(s) from their supervisor(s), including one or more of the defendants John and Jane Does 1-5

44.     Plaintiff's mother was also released with only a summons after approximately 9 hours imprisonment. Shortly thereafter plaintiff's mother entered a facility in upstate New York for mentally impaired individuals.  Plaintiff does not know what she was charged with or the disposition.

45.     The disorderly conduct charge was so attenuated that Atiles and Cordova never attempted to pursue it.

46.     Plaintiff appeared in Criminal Court Summons Part (346 Broadway in lower Manhattan) on the return date of the summons, August 8, 2012, at which time she refused to accept an Adjournment in Contemplation of Dismissal. The case was adjourned to September 11, 2012, and

again to January 3, 2013.

47.     On January 3, 2013, no officer appeared in support of the summons.  The prosecution did not seek an adjournment, but rather moved for outright dismissal.  The Certificate of Disposition is marked "DISMISS/FAILURE TO PROSECUTE."    Summons # 4337061605, Docket # 2012SN070258 (Part SAP, Hon. John Cataldo, J.).

48.     Plaintiff was brutalized, falsely arrested and imprisoned, and maliciously prosecuted. There was no probable cause to arrest her for anything.  There was no probable cause to charge her with committing any offense.

### FIRST CLAIM FOR RELIEF

49.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-48.

50.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

51.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-48 and 50.

52.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police detectives and police officers.

53.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police detectives and police officers constitutes gross and deliberate indifference to unconstitutional conduct by those individuals.

54.     The official policies, practices and customs of the City of New York and the NYPD,

alleged in ¶¶ 1-48, 50 and 52-53 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

55.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-48, 50, and 52-54.

56.     The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, assault, battery, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

57.     The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

58.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-48, 50, 52-54, and 56-57.

58.     At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         February 12, 2013

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**